## STANDISH vs. CHANDLER.

A *bill of particulars* describing a *joint amd several* note made by the *plaintiff* and *another person*, as a note made by the plaintiff, is sufficient to entitle the defendant to give the note in evidence under a notice of set off.

THIS was an action of *assumpsit*, tried at the Washington circuit in June, 1838, before the Hon. JOHN WILLARD, one of the circuit judges.

After the plaintiff, *George Chandler*, had proved his demand, the defendant, under a proper notice of set off, offered in evidence a promissory note in the following words : " Six months from date we jointly and *severally* promise to pay Lucretia Harris or bearer one hundred and sixty-seven dollars and sixty-five cents, value received, with interest. South Hartford, 17th April, 1835. Samuel Standish, Jr. *Charles Chandler*." The plaintiff objected to receiving the note in evidence, on the ground that it was not described in the bill of particulars which the defendant had furnished of his demand. The part of the bill which relates to the note, is in the following words : " One note for $167, 65, dated South Hartford, April 17, 1835, payable to Lucretia Harris or bearer in six months from date [ *512 ] with interest, signed Samuel Standish, *Jr." The judge decided that the note was inadmissible under the bill of particulars, and directed the jury to find a verdict for the amount of the plaintiff's demand. Verdict accordingly. The defendant now moves for a new trial.

*B. F. Agan*, for defendant.

*J. H. Boyd*, for plaintiff.

*By the Court*, BRONSON, J. If *George Chandler* had been plaintiff, and was suing on the note which he offered to set off, it would have been sufficient, in declaring, to allege that Standish made his promissory note and thereby promised, &c., without taking any notice of the fact that there was *another* maker and that the promise was *joint and several*. The legal effect of the contract was, a several promise by each maker, as well as a joint promise by both. The note was set out according to its legal effect in the

defendant's bill of particulars, and I am unable to discover any variance whatever. It was described with great particularity. The place where made, date, amount, name of payee, negotiability, time of payment, &c., were all set forth with entire accuracy. If the plaintiff thought it insufficient, he should have applied for a more ,particular account of the set off, or a literal copy of the note which the defendant proposed to give in evidence.

I cannot suppose that there was any design to mislead the plaintiff, or that he was surprised by the offer to give the note in evidence. There was no suggestion that he *alone* had ever given a note answering to the description in the bill of particulars, and it is too much to presume such a fact for the purpose of defeating a set off which is apparently legal.

New trial granted.

---

*Cutter and others *vs.* Doughty and others.      [ *513 ]

Where a testator, after devising separate portions of an estate *to the children* of four daughters and one son, and *to the children of a step-daughter*, concluded as follows, " It is further my will that in case of the death of any of my children, or my said step-daughter, *without lawful issue*, that then the share or portion of my estate which by this my will would have gone to such issue, be divided equally among the *survivors of my children or grand-children*, in the same proportion as herein before mentioned," *it was held*, that though in the devise of the property, the testator denominated the children of his step-daughter, *his grand-children*, his naming them so in the clause devising the property, did not entitle them to claim under the *last clause of the will*, a portion of the share of one of the daughters of the testator on her *dying without issue*.

A devise to a *survivor* or *survivors* of another *after his death without lawful issue* is not void as a limitation *upon an indefinite failure of issue;* the word *survivor*, or any equivalent word, qualifies the technical or primary meaning of the words *dying without issue*, and the devise must be read *dying without issue living at the time of his death*, although the limitation over be to the *grand-children* of the testator.

This was an action of ejectment tried at the New-York circuit in March, 1838, before the Hon. Ogden Edwards one of the circuit judges.

The plaintiffs, as *the children* (and the husbands of some of the children) *of Margaret Grenzebach*, claimed to recover *one fifth* of the premises in question, devised by the last will and testament of *Casper Samler*, to the *children of his daughter Barbara* if she should have any. The jury found a *special verdict* as follows :

" That Samler, by his will dated in 1799, devised to Susannah his wife, his farm in the city of New-York, with the stock, farming tools, utensils, and other personal property, for life ;" and then proceeded as follows : " and after her death I give *to my grand-children*, and to their heirs forever, my said farm as follows, to wit: to the children of my step-daughter Margaret, the wife of John N. Grenzebach, lot No. 1, of my said farm ; to the children of my